**NOT FOR PUBLICATION**

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | | |
|---|---|---|
| ARTHUR LEE HOYLE, | : | |
| | : | Civil Action No. 15-2916(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| RAYMOND A. BATTEN ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

   Plaintiff Arthur Hoyle, a pretrial detainee confined at Cape May County Jail in Cape May, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by police officers, prosecutors, attorneys in the public defender's office, and the state court judge presiding over his case. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g),[1] the Court will

---

[1] Plaintiff should be aware that he has two qualifying strikes under 28 U.S.C. § 1915(g) from the following cases: Hoyle, 12cv1835(RMB) (D.N.J. Oct. 17, 2012)(dismissed for failure to state a claim and upon absolute judicial immunity); and Hoyle v. Porto, 14cv5726(RMB) (D.N.J. Oct. 10, 2014)(dismissed for failure to state a claim and upon absolute judicial immunity). See Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013)(dismissal based on immunity of a defendant can constitute a strike if a court "explicitly and correctly concludes that the complaint

1

grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I. BACKGROUND**

The defendants in this action are Raymond Batten and John C. Porto, Cape May County Superior Court Judges; Detective Donald Nelson, Officer Doug Osmoneda, Officer Mark Higginbottom, and Officer Ken Martin, employees of the Middle Township Police Department; Saverio M. Carroccia, Robert P. Hawkins, Ken Super, Omar Perez, Paul Skill, and Joe Lander, prosecutors for the Cape May County Prosecutor's Office; and Fred Mick, Scott Sherwood, and Parker Smith, employees the Public Defender's Office in the Cape May Courthouse. (Compl. ¶4.)

In his Complaint, Plaintiff concluded that all defendants conspired to deprive him of his substantive due process rights, privileges and immunities, and equal protection of law under the

---

reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) . . .") (3d Cir. 2013); Coleman v. Tollefson, -- S.Ct.--, 2015 WL 2340838 (May 18, 2015)(dismissal counts as strike when appeal is pending).

U.S. Constitution and laws of New Jersey. Plaintiff's only support for his conclusions is that the defendants "interfered by threats, intimidation and coercion through procedural rules of presumption while acting outside the bounds of their authority and jurisdiction as well with disregard." (Compl. ¶6., ECF No. 1.) Plaintiff further alleged, without explanation, that the defendants deceived and slandered him or "just went with the lies," committed fraudulent acts, and "gave me less respect because I am black . . ." (Id.) For relief, Plaintiff seeks an investigation of the Cape May County Courts, "better training for all cops, remove some of the defendant from they [sic] job" and monetary damages.

**II. STANDARDS FOR A SUA SPONTE DISMISSAL**

This Court must dismiss, at the earliest practicable time, certain prisoner actions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). A court must liberally construe a document filed pro se. Erickson v. Pardus, 551 U.S. 89. 94 (2007)(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn

therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004)(where defendant's mental state was element of the claim, Plaintiff had to allege some facts supporting the defendant's mental state). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

When assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must

4

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 679. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 678 (citation omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

**III. SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

5

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

    **A.**    **Absolute Immunity**

This is Plaintiff's third attempt to sue a state court judge involved in his present state court criminal case. See supra note 1. As this Court has explained in Plaintiff's earlier cases, "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009)(quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (citations omitted). Plaintiff vaguely alleged in the Complaint that all defendants "act[ed] outside the bounds of their authority and

6

jurisdiction." (Compl. ¶ 6.) Without alleging any facts as to what the defendant judges did that was outside the bounds of their jurisdiction, Plaintiff fails to state a claim against these judicial officers.

Similarly, Plaintiff has not alleged what any specific defendant from the prosecutor's office did to violate his rights or how the prosecutors' actions were taken outside of the judicial process. A prosecutor also has absolute immunity under certain circumstances. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976)("[a] prosecutor is absolutely immune from suit under § 1983 for damages for actions taken as an "integral part of the judicial process.") The court will dismiss these claims without prejudice, and Plaintiff will be given the opportunity to provide the necessary factual support for his claims in an amended complaint.

**B.   Lack of Factual Allegations to Support a Claim**

Finally, apart from the issue of immunity, Plaintiff's Complaint is so vague that it fails to put any defendant on fair notice as to the grounds upon which his claims rest. See Twombly, 550 U.S. at 555 n. 3 ("[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.") Plaintiff alleged the defendants deceived and

7

slandered him, failed to respect him because he is black and committed fraud against him, starting on January 28, 2008, and "still going on today." (Compl. ¶6.) Yet, Plaintiff has not described how, over the many years since January 2008, any defendant did any one of these things. (Compl. ¶6). For this reason, all of Plaintiff's claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

                                         s/Renee Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge

Dated: June 25, 2015